UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
FEDERAL INSURANCE CO., et al.      )
                                   )
     Plaintiffs,                   )
                                   )
          v.                       )   C.A. No. 18-441 WES
                                   )
RUSSELL L. SISSON & SONS,          )
                                   )
     Defendant.                    )
_____)
                                   )
RUSSELL L. SISSON & SONS           )
                                   )
     Defendant/Third-Party         )
     Plaintiff,                    )
                                   )
          v.                       )
                                   )
KOLBE & KOLBE MILLWORK CO. INC; and )
HORNER MILLWORK CORP.              )
                                   )
     Third-Party Defendants.       )
_____)


**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court is a Motion for Summary Judgment, ECF No. 46, and a Motion to Amend Answer to Assert an Additional Affirmative Defense, ECF No. 48, filed by Defendant Russell L. Sisson & Sons ("Defendant" or "Sisson"). For the reasons explained below, Defendant's Motion to Amend Answer is DENIED, and Defendant's Motion for Summary Judgment is DENIED in part, and GRANTED in part.

I.   BACKGROUND

During the period at issue, Plaintiffs A. Scott and Meredith Keating ("the Keatings") owned a residential house located at 80 Round Pond Road, Little Compton, Rhode Island. See Def.'s Statement of Undisputed Facts ("Def.'s SUF") ¶ 1, ECF No. 46-2.  The Keatings "retained Defendant Russell L. Sisson & Sons . . . to perform a total remodel of their property . . . . to convert the [p]roperty from a summer home to a full year residence. . . . includ[ing] a remodel of external and internal elements of the home[.]"  Pls.' Statement of Undiputed Facts ("Pls.' SUF") ¶¶ 6-8, ECF No. 47-2. The work was performed from "as early as 2000 [to] as late as 2009."  Id. ¶ 11.

Around 2010, the Keatings discovered that water was leaking into the house from the windows.  October 12, 2015 Keating Email, Ex. D, ECF No. 46-7 ("By 2010, we were noticing leaks particularly on the first floor . . .").  On April 30, 2015, a technician determined that the water problem allegedly stemmed from the installation of those windows and door.  See April 30, 2015 Window Inspection Communications, Ex. G, ECF No. 46-10.   Sisson later "participated in an inspection of the [p]roperty . . . in 2015[.]"  Pls.' SUF ¶ 13.

The Keatings, along with their insurer, Federal Insurance Company, filed their Complaint on August 13, 2018, alleging claims of negligence and breach of warranty stemming from the water damage

2

resulting from the windows' and door's installation.   Compl., ECF No. 1.   Defendant Sisson now moves amend its answer to include a statute-of-repose defense under Rhode Island General Laws § 9-1-29 and for summary judgment based on that affirmative defense. Sisson also argues that Plaintiff's Breach of Implied Warranty claims are similarly time-barred.

II.   DISCUSSION

A. Legal Standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   "A dispute is 'genuine' if 'the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party.'"   Cherkaoui v. City of Quincy, 877 F.3d 14, 23-24 (1st Cir. 2017) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).   A material fact is one which has the "potential to affect the outcome of the suit under the applicable law."   Id. at 23 (citation omitted).   "A court will disregard conclusory allegations, improbable inferences, and unsupported speculation in determining whether a genuine factual dispute exists."   Id. at 24(citations and quotations omitted).

The movant bears the initial burden of establishing that there is no genuine issue of material fact.   See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   If that burden is met, the

3

burden shifts to the non-movant who avoids summary judgment only by providing properly supported evidence of disputed material facts that require a trial.  See id. at 324.  The Court views the record in the light most favorable to the non-movant and indulges all reasonable inferences in that party's favor.  See O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).

In its Motion for Summary Judgment, Sisson asserts for the first time that Plaintiffs' negligence claims are time-barred pursuant to Rhode Island General Laws § 9-1-29.[1]  See generally Mem. Supp. Mot. Summ. J.  "Section 9-1-29, known as the tort statute of repose, generally bars any tort action against any contractor, subcontractor, or materials supplier 'on account of any deficiency in the design, planning, supervision, or observation of construction' upon the expiration of a period of ten years after substantial completion of the improvement." Mondoux v. Vanghel, 243 A.3d 1039, 1042 (R.I. 2021) (quoting R.I. Gen. Laws § 9-1-29).

Sisson followed its Motion for Summary Judgment with a formal Motion to Amend its Answer to include the statute of repose as an affirmative defense.  While ordinarily "[t]he court should freely give leave [to amend a pleading] when justice so requires," Fed R.

---

[1] Defendant also incorrectly asserts that Plaintiffs' breach of warranty claims are time barred pursuant to Rhode Island General Laws § 9-1-29.  This argument will be addressed in a separate section of this Order.

Civ. P. 15 (a), affirmative defenses are subject to waiver under Fed. R. Civ. P. Rule 8 (c), and must generally be set forth in the first responsive pleading. Waiver pursuant to Rule 8 (c) is not strictly required, but may, in appropriate circumstances, be excused. A court considering whether to make an exception to Rule 8 (c)'s waiver provision "should consider whether there exists undue delay or bad faith on the part of the moving party, prejudice to the non-moving party, or if the amendment is itself futile." Massachusetts Asset Fin. Corp. v. MB Valuation Servs., Inc., 248 F.R.D. 359, 361 (D. Mass. 2008)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). As explained below, the Court declines to grant leave to amend as an exception to the Rule 8(c) waiver, because it determines that Plaintiffs' negligence and breach of warranty claims are not time-barred by Rhode Island General Laws § 9-1-29. Amendment would therefore be futile.

B. Applying the Statute of Repose

In determining whether § 9-1-29 could possibly protect the defendants, the overarching question is whether "substantial completion" of the improvement took place more than ten years before the filing of this suit on August 13, 2018. See § 9-1-29(3). Defendant contends that the relevant "improvement" for the purpose of the statute is the installation of the leaky windows and doors. By this argument, once the windows and door were installed, the statute began to run because the Keatings were "able

to utilize the windows and doors for their intended use upon installation." Mem. Supp. Mot. For Summ. J. 6. According to an email from Mrs. Keating, "[t]he first round of windows/doors were installed spring 2002 followed by winter 2006 and finally spring 2008[,]" over ten years' prior to the date of the suit. Oct. 12, 2015 Keating Email, Ex. D, ECF No. 46-7.

Plaintiffs, on the other hand, argue that the relevant improvement is the overall weatherizing remodel of their home. Plaintiffs' Statement of Undisputed Facts, to which Defendant did not object, represents that Defendant was retained to "perform a total remodel of [the Keatings'] property . . . to convert the Property from a summer home to a full year residence . . . [with] work include[ing] a remodel of external and internal elements of the home, such as installation of new windows and doors, as well as insulation, siding, and additional interior work such as expanding and reframing bedrooms and bathrooms." Pls.' SUF ¶¶ 6-8. The full project was not completed until late 2008 or 2009. Pls.' SUF ¶ 11. None of the parties has asserted that a formal contract existed between the Keatings and Sisson which would define the scope of the work or specify phases of construction. See generally Def.'s SUF; Pls.' SUF.

Thus both parties agree that the windows were completely installed before the critical date in August of 2008, but the entire construction project was not completed until after. The

6

question for the Court becomes a matter of statutory construction: does "substantial completion of an improvement," on these facts, apply to the installation of the windows or of the entire remodel?

Statutory construction always begins with the plain language of the statute because its "'ultimate goal is to give effect to the General Assembly's intent,' and. . . the plain language of a statute is the 'best indicator of [legislative] intent.'" State v. Diamante, 83 A.3d 546, 550 (R.I. 2014)(quoting Olamuya v. Zebra Atlantek, Inc., 45 A.3d 527, 534 (R.I. 2012)) (brackets in original).  When the plain language of the statute leaves open questions, a court may look to other cannons of statutory construction or legislative materials, and must read the statute as a whole in light of its overall policy and purpose.  State v. Day, 911 A.2d 1042, 1045 (R.I. 2006).

As noted, the language of the statute protects a wide array of engineers, designers, and builders from liability in tort for "improvements to real property" for ten years "after substantial completion of such an improvement" R.I. Gen. Laws § 9-1-29.  The Rhode Island Supreme Court has defined an improvement for the purposes of the statute to be "[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement of waste, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Desnoyers

v. Rhode Island Elevator Co., 571 A.2d 568, 570 (R.I. 1990)
(quoting Improvement, Black's Law Dictionary 890 (4th ed. 1968)).
Neither the plain language of the statute nor this definition
answers the question before the Court, because both the
installation of the windows and the weatherizing work in its
entirety, could reasonably be construed as improvements under this
definition.

The Rhode Island Supreme Court has not expressly addressed
the question. However, it has generally construed the substantial
completion doctrine to apply to the entire construction project or
improvement, even when a discrete part of the construction is
flawed. See Mondoux, 243 A.3d at 1040 (construction substantially
completed when only remaining tasks were staining the deck and
acquiring a refrigerator, not installation of improperly
weatherproofed doors and windows); Nichols v. R.R. Beaufort &
Associates, Inc., 727 A.2d 174, 176 (R.I. 1999) (substantial
completion of new home occurred when certificate of occupancy
issued, not when flawed foundation was initially completed);
Desnoyers, 571 A.2d at 572 (countenancing theory that continued
maintenance by original installer extended liability period by
remanding for factual determination of whether motion judge
considered evidence of continued elevator maintenance).

Outside of Rhode Island, the clear trend is to start the clock
when each contributing entity, (e.g. a supplier, construction

8

company, sub-contractor, etc.) has completed its work on the
project. See, e.g., St. Paul Mercury Ins. Co. v. Nat'l Sur. Corp.,
No. 1:14-CV-45, 2015 WL 12803667, at *4 (N.D.W. Va. Mar. 27, 2015)
(collecting cases)("[T]he trend of most courts [holds that] when
a subcontractor is only responsible for distinct deliverables or
components of a larger project, the statute of repose is triggered
when the individual subcontractor's work on that particular
improvement is complete."); Ocean Winds Corp. of Johns Island v.
Lane, 556 S.E.2d 377, 380 (S.C. 2001)("The legislature could not
have intended that the date upon which a subcontractor . . .
becomes free from liability with regard to a particular job hinges
upon the diligence of the general contractor and/or developer in
completing construction); Gordon v. W. Steel Co., 950 S.W.2d 743,
748 (Tex. App. 1997), writ denied (Feb. 13, 1998) ("[W]here
different subcontractors were responsible for the construction of
different parts of a larger project, the statute of repose should
be applied to each of those individual subcontractors when they
completed their respective improvements.").

When a single entity is responsible for an entire project,
the same reasoning applies, and the relevant improvement is
generally considered the whole project. Gordon, 950 S.W.2d at 747
("When a single entity is responsible for the successive phases of
a project, it would be unduly burdensome to segregate the
completion of various successive projects by that entity, rather

than focusing on when that entity finished its work towards the entire project."); Patraka v. Armco Steel Co., 495 F. Supp. 1013, 1019-20 (M.D. Pa. 1980)(noting that work completed earlier was still subject to inspection after the relevant date of repose).

Courts have long recognized the benefits to administrability that adhere in this interpretation:

> We do not think that the Legislature intended to let repose turn on serial cut-off dates accruing through various stages of the work, turning on fact-sensitive determinations and various analytic approaches to construction staging. The rule we approve here is the easiest to administer and the final date of any particular persons' furnishing services or construction is the simplest to determine. Clarity and certainty in matters of repose and limitation of actions are very legitimate considerations.

Welch v. Engineers, Inc., 495 A.2d 160, 165 (N.J. Super. Ct. App. Div. 1985).

This reasoning is compelling and appears to be in line with how the Rhode Island Supreme Court applies the statute of repose. Here, Sisson was engaged to conduct the entire weatherizing remodel.  Nothing in the record suggests that the remodel should be construed a series of separate construction projects, even if it took place over nearly a decade. The allegedly wrongly installed windows were subject to Sisson's inspection and correction after the project continued into the ten-year period.  This all supports the conclusion that the relevant improvement for purposes of the statue of repose was the entire remodel of the home.

This reading draws support from more recent action by the legislature. In 2018, the General Assembly added a definition of the term "substantial completion" to R. I. Gen. Laws § 5-65-1, a statutory section that regulates the licensing and oversight of contractors:

> "Substantial completion" means the stage in the progress of the project when the work required by the contract for construction with the project owner is sufficiently complete in accordance with the contract for construction so that the project owner may occupy or utilize the work for its intended use; provided, further, that "substantial completion" may apply to the entire project or a phase of the entire project if the contract for construction with the project owner expressly permits substantial completion to apply to defined phases of the project.

See 2018 R.I. Pub. Laws Ch. 170, § 1. By its plain terms, this definition creates a default understanding whereby substantial completion applies to the entirety of a project, unless a contract expressly says otherwise.

Given the General Assembly's recent guidance on the meaning of "substantial completion," the decisions of the Rhode Island Supreme Court cited supra, persuasive authority from other jurisdictions, and the undisputed evidence in the record that Sisson was engaged for the whole of the weatherizing remodel, the Court concludes that here, the relevant "improvement" is the whole project and not just the windows. Defendants' Motion to Amend is

DENIED as futile, and Defendants' Motion for Summary Judgment is therefore also DENIED as to Plaintiffs' negligence claims.

C. Breach of Warranty Claims

Defendant also erroneously asserts that Plaintiffs' breach of warranty claims are barred by § 9-29-1 for falling outside of the ten-year window.  See Mem. Supp. Mot. Summ. J. 8.  The Nichols court held that § 9-29-1 "is simply inapplicable to contract-based breach-of-implied-warranty claims."  727 A.2d at 181. However, the Supreme Court of Rhode Island clarified in Mondoux that "[a] claim for breach of implied warranty will be considered timely if the homeowner files suit 'within three years of the date when they discover any latent defects or within three years of the date when, in the exercise of due diligence, they should have discovered such defects.'"  243 A.3d at 1045 (quoting Nichols, 727 A.2d at 182). Here, Plaintiffs first discovered the water leakage issues with their windows and door in 2010.  See October 12, 2015 Keating Email, Ex. D.  It was not until April 30, 2015, however, when a technician determined that the water problem allegedly stemmed from the installation of those windows and door.  See April 30, 2015 Window Inspection Communications, Ex. G.  At the very latest, the three-year limitation would have run out by April 30, 2018, but Plaintiffs did not file until August 13, 2018.  Therefore, Defendant's Motion for Summary Judgment is GRANTED as to Plaintiffs' breach of warranty claims.

IV.   CONCLUSION

For the above reasons, Defendant's Motion for Summary Judgment, ECF No. 46, is DENIED as to Plaintiffs' negligence claims and GRANTED as to Plaintiffs' breach of warranty claims. Defendant's Motion to Amend its Answer, ECF No. 48, is DENIED.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date: September 20, 2021

13